IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:22-cr-129-01

TONI JOHNSON

MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the Court is a motion, brought pursuant to 18 U.S.C. § 3582(c), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. [ECF No. 33]. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of

Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG § 1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later. By previous order entered on February 7, 2024, this case was designated for Standard consideration.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, the addendum to the PSR from the Probation Office, and the materials submitted by the United States and the Defendant. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

By its written and filed response, the United States argues that Ms. Johnson ineligible for a reduction because the Court applied a two-level enhancement at sentencing for possession of a dangerous weapon. *See* [ECF No. 38]. In her written and filed response, Ms. Johnson concedes that she is ineligible. *See* [ECF No. 39].

On December 8, 2022, Ms. Johnson was sentenced to 60 months of imprisonment, to be followed by three years of supervised release, for possession with intent to distribute a quantity of fentanyl, in violation 21 U.S.C. § 841(a)(1). Ms. Johnson's total offense level was 27. [ECF No. 32, ¶ 34]. At the time of her sentencing, Ms. Johnson had zero criminal history points, which established a Criminal History Category of I. *Id.* ¶¶ 37–38. Based on a total offense level of 27 and a Criminal History Category of I, Ms. Johnson's guideline range was 70 to 87 months. [ECF No. 31, at 1].

Even though Ms. Johnson did not receive any criminal history points from Chapter Four, Part A of the Sentencing Guidelines, she will be ineligible for a two-level reduction in her offense level as a Zero-Point Offender if the Court finds that she possessed a firearm in connection with the offense of conviction. Section 4C1.1(a) provides that in order for a defendant to receive a two-level reduction, the defendant must meet all of the outlined criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) *the defendant did not possess*, receive, purchase, transport, transfer, sell, or otherwise dispose of *a firearm or other dangerous weapon* (or induce another participant to do so) *in connection with the offense*;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise. . . .

U.S.S.G. § 4C1.1(a) (Nov. 2023) (emphasis added).

The relevant U.S. Sentencing Guideline for a violation of 21 U.S.C. § 841(a)(1) is found in § 2D1.1 of the guidelines. At sentencing, Ms. Johnson received a two-level increase, pursuant to U.S.S.G. § 2D1.1(b)(1), for possession of a dangerous weapon.

3

Six firearms were found at Ms. Johnson's home during the execution of the search warrant. [ECF No. 31, ¶ 10, 25]. No objection was made to the enhancement or to the finding itself. Based on these facts, I find that Ms. Johnson possessed a firearm in connection with the offense of conviction. Because Ms. Johnson possessed a firearm or dangerous weapon in connection with the offense, she fails to meet the criterion set out in U.S.S.G. § 4C1.1(a)(7) and is ineligible for the two-level outlined in § 4C1.1(a). Furthermore, Ms. Johnson did not receive status points and is likewise ineligible for a reduction on that basis.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** any relief pursuant to 18 U.S.C. § 3582(c)(2) be **DENIED**, and that the sentence imposed on December 8, 2022, remain in effect.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: March 1, 2024

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE